## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**SHANNON BOYLE**                                                          **PETITIONER**
**ADC #116113**

**VS.**                    **CASE NO.: 5:15CV00290 SWW/BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

### RECOMMENDED DISPOSITION

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge Susan Webber Wright.  Mr. Boyle – or any party – may file

written objections with the Clerk of Court within fourteen (14) days of filing of this

Recommendation.  Objections must be specific and must include the factual or legal basis

for the objection.  An objection to a factual finding must identify the finding of fact

believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if

no objections are filed, Judge Wright can adopt this Recommendation without

independently reviewing the record.

**II.**      **Introduction**

In April, 2001, a Lonoke County Circuit Court jury found Petitioner Shannon

Boyle guilty of aggravated robbery and theft of property.  (docket entry #1)  Mr. Boyle

unsuccessfully challenged his conviction in the state courts before filing a federal habeas

corpus petition in May, 2006.  *Boyle v. Kelley*, 5:06CV00117 SWW (E.D.Ark. dismissed

Nov. 29, 2006).  Judge Wright dismissed the petition with prejudice and declined to issue

a certificate of appealability.  Mr. Boyle filed a number of subsequent motions for relief

in his federal habeas proceeding, all of which Judge Wright denied.  On August 3, 2015,

the Court of Appeals for the Eighth Circuit denied Mr. Boyle's application for a

certificate of appealability and dismissed Mr. Boyle's appeal.  *Id*. at #40.

In the current case, Mr. Boyle has failed to pay the filing fee or move for *in forma*

*pauperis* status.  In addition, the record shows that this is an unauthorized second or

successive habeas petition.  For this reason, Judge Wright should DENY and DISMISS

Mr. Boyle's petition, without prejudice.

## III.    Discussion

This Court lacks jurisdiction to rehear this challenge to Mr. Boyle's convictions.

As noted, Mr. Boyle has already challenged his convictions through a federal habeas

petition.  *Id.*  Before filing a second or successive habeas corpus petition in federal court,

a petitioner must seek and receive an order from the appropriate court of appeals that

authorizes the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).

Authorization is required even where the petitioner claims actual innocence.  28 U.S.C.

§ 2244(b)(2)(B)(i)-(ii).  Without an order from the court of appeals authorizing the filing

of a second or successive petition, the district court lacks jurisdiction to hear the petition.

*Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]  Summary dismissal of a habeas

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. § 2244(b)(2).

corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The pending petition is clearly "successive" because Mr. Boyle's previous petition challenged the same state conviction. There is nothing in the record to indicate that Mr. Boyle sought and received authorization from the Court of Appeals before filing this successive petition.

Mr. Boyle makes some fairly compelling claims, but has not supported them with any evidence. Even if he had, this Court simply cannot address these claims without the necessary authorization. Without permission from the Court of Appeals, the district court cannot consider this case. 28 U.S.C. § 2244(b)(1)-(3)(A).

IV.     **Conclusion**

The Court recommends that Judge Wright DENY and DISMISS Shannon Boyle's successive petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. The Court further recommends that Judge Wright deny a certificate of appealability.

DATED this 17th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE